

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JERRY M. PITTMAN AND THE** | § | |
| **ESTATE OF CYNTHIA C. PITTMAN** | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 4:13-CV-749-O** |
| **VS.** | § | |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| **Defendant,** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING**
**DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant's Motion to Dismiss [doc. # 5], filed September 18, 2013. In their motion, Defendant requests that the Court dismiss the above-styled and numbered cause pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] for failure to state a claim upon which relief can be granted. (Defendant's Motion to Dismiss ("Def.'s Mot.") at 2.) According to Defendant, Plaintiff Jerry M. Pittman ("Pittman") seeks declaratory judgment and injunctive relief based on allegations that Defendant did not provide proper notice to the Estate of Cynthia C. Pittman. Having carefully considered the Defendant's motion, response, and reply, the Court recommends granting Defendant's motion for the reasons stated therein.[2]

---

[1] Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." The plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] In the original petition filed in state court, Pittman claims that, while he received Notice of Acceleration and Notice of Trustee's Sale in his individual capacity, the Estate of Cynthia Pittman was not given proper legal notice through its independent executor, which was also Pittman. (Plaintiff's Original Petition ("Pl.'s Pet.") at 3.) Pittman, in his response, does not cite to any legal authority supporting such argument. Even assuming that Pittman was the executor of the Estate of Cynthia Pittman (*see* Def.'s Mot. at 1 n.1), the Court finds such argument lacks

## NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 7, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

---

merit. While the Estate of Pittman may not have been mailed actual legal notice, its alleged executor, Pittman, admits that he received actual notice in his individual capacity. Thus, Pittman is charged with knowledge of the default in all capacities. *See, e.g., Grun v. Countrywide Home Loans, Inc.*, No. SA-03-0141-XR, 2004 WL 1509088, at *3 (W.D. Tex. July 1, 2004) (rejecting alleged attorney's argument that he was entitled to receive separate notice at his place of business when evidence indicated that he or a member of his household received such notice at his place of residence).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 26, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv